UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-14365-CV-MIDDLEBROOKS/Maynard

ASHLEY MOODY,

    Plaintiff,

v.

DEANNE CRISWELL, et al.,

    Defendants.

_____/

## ORDER DENYING MOTION TO MODIFY TRIAL DATE AND DELAY SCHEDULING CONFERENCE

THIS CAUSE is before the Court on Defendant Deanne Criswell's Unopposed Motion to Reset Trial Date and to Vacate or Modify Order Setting Scheduling Conference ("Motion"), filed February 14, 2024. (DE 18). Plaintiff initiated this suit on November 13, 2024, served Defendant Criswell on December 16, 2024, and served the other Defendant Marn'i Washington on February 1, 2025. (DE 10, DE 13). Pursuant to Fed. R. Civ. P. 12(a)(3), the two defendants, as United States officers/employees being sued in their individual capacities, had 60 days to respond to the Complaint. On February 11, 2025, I granted Defendant Criswell's Motion for Extension of Time and set the deadline for both Defendants to respond to the Complaint to April 2, 2025. (DE 16).

Defendant Criswell now moves for a year-long continuance of the current trial date, set for October 2025, and also seeks to vacate the Magistrate Judge's Order Setting Telephonic Scheduling Conference and the deadline to file the Joint Scheduling Report contained within the Magistrate Judge's Order. Defendant Criswell indicates that the Motion is unopposed by Plaintiffs but does not indicate Defendant Washington's position on her Motion. (DE 18 at 1).

Rule 16 of the Federal Rules of Civil Procedure requires the Court to issue an order setting forth the schedule upon which the case will proceed. Fed. R. Civ. P. 16(b). This schedule will be modified "only for good cause." Fed. R. Civ. P. (b)(4). The good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note). "If a party was not diligent, the good cause inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)). "A continuance of any trial... will be granted only on exceptional circumstance[.]" S.D. Fla. Local Rule 7.6.

Defendant Criswell moves to reset the trial date, currently set for October 2025 (DE 9) until October 2026 based on her forthcoming Motion to Dismiss where she intends to raise the defense of qualified immunity. Defendant Criswell also seeks to vacate Magistrate Judge Maynard's Paperless Order Setting Telephonic Scheduling Conference set for February 26, 2025 and its requirement that the Parties file a Joint Scheduling Report by February 19, 2025 on similar grounds. (DE 14). In support, Defendant Criswell cites caselaw that good cause has been found by courts for similar continuances and stays of discovery where a qualified immunity defense is raised by a defendant.

Defendant Criswell's Motion fails to set forth good cause or exceptional circumstances for her requested relief. Defendant Criswell's Motion to Dismiss has not yet been filed. While it is sometimes appropriate to grant a stay of litigation until the court rules on a potentially dispositive Motion to Dismiss, in such cases the court must take a preliminary peek at the briefing to assess the relative merits of the Motion. I will not preemptively delay trial for a year based upon the possibility that a defendant might be entitled to qualified immunity, before this issue has even been

2

briefed. Indeed, even after it is briefed, no stay or continuance is necessarily guaranteed. Accordingly, I will deny Defendant Criswell's Motion to Modify the Trial date. For the same reasons, I will also deny the request to delay the Magistrate Judge's Telephonic Scheduling Conference and to extend the deadline for the Parties to file their Joint Scheduling Report.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

(1) Defendant Criswell's Motion to Reset Trial Date and Vacate or Modify Order Setting Scheduling Conference (DE 18) is **DENIED.**

(2) The Parties' Joint Scheduling Report was due on Wednesday, February 19, 2025, while this motion was pending. Therefore, the Parties must ensure that their Joint Scheduling Report is filed **no later than Monday, February 24, 2025.**

(3) The Parties are reminded that they may, at any time, consent to the jurisdiction of United States Magistrate Judge Shaniek Mills Maynard, who generally allows the Parties great flexibility in setting the course and schedule, including the trial date, of their case.

**SIGNED**, in Chambers, at West Palm Beach, Florida, this 21 day of February, 2025.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record