UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-14365-CIV-MIDDLEBROOKS/MAYNARD

**ASHLEY MOODY, on behalf of the**
**State of Florida and its citizens,**

  Plaintiff,

v.

**DEANNE CRISWELL, Administrator of the**
**Federal Emergency Management Agency,**
**in her individual capacity, and**
**MARN'I WASHINGTON,**

  Defendants.

_____/

**PRETRIAL SCHEDULING ORDER**
**AND ORDER REFERRING CASE TO MEDIATION**

  **THIS CAUSE** is before the Court upon order of reference from the district court. Pursuant to S.D. Fla. L. R. 16.1(b), the Court **ORDERS AND ADJUDGES** as follows:

  1. **TRIAL DATE AND CALENDAR CALL:** This case is set for trial before U.S. District Judge Middlebrooks during the two-week trial period commencing October 6, 2025, at 9:00 a.m. **at the United States Courthouse, Courtroom 4008, 101 South U.S. Highway One, Fort Pierce, Florida**, with a calendar call set for October 1, 2025, at 1:15 p.m, **at 701 Clematis Street, Second Floor, Courtroom 7, West Palm Beach, Florida.** The parties shall comply with Judge Middlebrooks' trial instructions found in his Order Referring Case and Setting Trial Date. This includes instructions and deadlines for submitting trial-related materials such as jury instructions and voir dire procedures (for jury trials), Proposed Findings of Fact and Conclusions of Law (for bench trials), and the organization and submission of exhibits. A Motion to Continue

Trial shall not stay the requirement for filing a Joint Pretrial Stipulation, and unless it is an emergency situation, a Motion to Continue Trial will not be considered unless it is filed at least twenty (20) days before the trial date.

2. **U.S. MAGISTRATE JUDGE TRIAL JURISDICTION:** This Court advises the parties of the opportunity to consent to a specially set trial before a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c).  Moreover, the parties had the opportunity to state their position on consent in their Joint Scheduling Report. Should the parties later decide to consent to magistrate jurisdiction, they shall file the appropriate form.  A sample form is available on the Court's website at: https://www.flsd.uscourts.gov/forms/consent-proceed-united-states-magistrate-judge-0.

3. **PRETRIAL DISCOVERY; RULE 26(F) JOINT DISCOVERY PLAN:** Pretrial discovery shall be conducted in accordance with S.D. Fla. L.R. 16.1 and 26.1, and the Federal Rules of Civil Procedure.  The parties are directed to meet and confer pursuant to Federal Rule of Civil Procedure 26(f).  The parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan.  The parties' joint discovery plan must be filed by the deadline set forth below and shall include:

   (1)   an estimated valuation of the case from the perspective of Plaintiff and Defendant;
   (2)   the date for exchanging initial disclosures pursuant to Rule 26(a)(1);
   (3)   the subjects on which discovery may be needed;
   (4)   whether the Parties can agree to limit discovery on particular issues through stipulation;
   (5)   what document discovery is needed;
   (6)   whether discovery should be conducted in phases;
   (7)   whether the Parties expect to have disclosure, discovery, or preservation of electronically stored information, and if so, explain:
         (a) the main information and documents sought;

     (b) the expected costs of e-discovery; and
     (c) whether alternatives to e-discovery are possible.
(8) what individuals each side intends to depose;
(9) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;
(10) what changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules; and
(11) whether early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful.

No pretrial conference shall be held in this action, unless the parties so request or the Court determines, *sua sponte*, that a pretrial conference is necessary. Should a pretrial conference be set, the deadlines set forth in this Order shall remain unaltered.

  **4.** **JOINT PRETRIAL STIPULATION:** In accordance with Local Rule 16.1(c)-(e), counsel must meet and confer on the preparation of a Joint Pretrial Stipulation. The Joint Pretrial Stipulation must conform to that local rule's content requirements and filing deadline. Unilateral Pretrial Stipulations are strongly discouraged and may be stricken. Should a party not cooperate in the preparation of a Joint Pretrial Stipulation requiring the other party to file a Local Rule 16.1(f) Unilateral Pretrial Stipulation, that other party shall include a certification to explain to this Court the circumstances. Thereupon the Court will order the non-cooperating party to show cause why it should not be held in contempt for the failure to comply with the Court's Order. The pre-trial disclosures and objections required by Rule 26(a)(3), Fed. R. Civ. P., should be exchanged with each other but not filed with the Clerk of Court because the same information is required in the Joint Pretrial Stipulation.

5. **PRE-TRIAL SCHEDULE:** The parties shall adhere to the following schedule, which shall not be modified absent compelling circumstances. Any motions to modify this schedule shall be directed to the attention of U.S. District Judge Donald M. Middlebrooks.

| | |
|---|---|
| **March 19, 2025** | Joint Discovery Plan shall be filed. See ¶ 3 above and Fed. R. Civ. P. 26(f)(3). |
| **April 7, 2025** | Joinder of Additional Parties and Amend Pleadings |
| **April 14, 2025** | Any motions for class certification shall be filed |
| **July 1, 2025** | Overall Discovery Deadline* |
| | *Note: This is the deadline for **ALL** discovery, including expert witness discovery. Parties should plan accordingly. This means that parties shall plan to complete discovery needed for expert witnesses in time for reports to be made, depositions taken, and rebuttal reports prepared before the discovery deadline. The parties shall comply with all civil rules and Local Rules that govern the timing and procedure of discovery, e.g., Rule 26(a)(2), Fed. R. Civ. P., regarding expert witnesses. This means that the parties shall raise discovery disputes in sufficient time before the discovery deadline in compliance with the Local Rules. This means that the parties shall bring **ALL** discovery to completion by this deadline in anticipation of the motions deadline. |
| **July 28, 2025** | Dispositive Motions (such as summary judgment motions) |
| **See ¶ 8 below** | Mediation-Related Deadlines |
| **August 11, 2025** | Trial-Related Motions (such as Motions in Limine and Daubert Motions) |
| **September 8, 2025** | Joint Pretrial Stipulation shall be filed. Designations of deposition testimony shall be made. |
| **September 22, 2025** | Objections to designations of deposition testimony shall be filed. Late designations shall not be admissible absent exigent circumstances. |

**September 29, 2025**     Jury Instructions or Proposed Findings of Fact and Conclusions of Law shall be filed.

For trial preparation and trial-related submissions, the parties shall follow the District Court's Trial Order and Local Rule 16.1(c)-(e) as instructed in this Order.

6. **MODIFICATIONS:** Given the upcoming trial date, the parties shall strictly follow the schedule in order to ensure the timely progression of pre-trial proceedings. <u>The parties should undertake pre-trial proceedings in an expeditious manner and begin tasks as far in advance of the respective deadlines as possible.</u> To extend any litigation deadlines or the trial date, the parties must file a Motion in accordance with Local Rule 7.1 that sets forth sufficient facts from which the Court can discern whether good cause exists.

7. **SETTLEMENT:** If the case is settled, counsel shall promptly inform the Court by filing a notice on the docket and, within 10 days of notification of settlement to the Court, submit the appropriate closing documents for dismissal, pursuant to Federal Rule of Civil Procedure 41(a). The parties shall attend all hearings and abide by all time requirements unless and until an order of dismissal is filed.

8. **ORDER REFERRING CASE TO MEDIATION/SETTLEMENT CONFERENCE:** Pursuant to Fed. R. Civ. P. 16 and S.D. Fla. Local R. 16.2, this case is referred to mediation as follows:

   a. All parties must complete mediation or a settlement conference at least 60 days before the scheduled trial date.

   b. The parties may request a settlement conference before the undersigned U.S. Magistrate Judge in lieu of mediation with a certified mediator. Such conference will satisfy the requirement of court-ordered mediation, assuming good faith

      participation by the parties. If the parties agree to have a Settlement Conference, a designated party should contact Judge Maynard's Chambers via email (maynard@flsd.uscourts.gov) within 45 days of this Order's date with at least three proposed settlement conference dates. Thereafter, an order will issue setting forth the date, time, place, and procedures for the settlement conference.

c. Otherwise, Plaintiff's counsel, or other designated counsel, shall schedule a mediation conference. The parties are encouraged to avail themselves of the services of any mediator on the List of Certified Mediators, maintained in the office of the Clerk of the Court, but may select any other mediator. The parties shall agree upon a mediator and file a Notice of Mediator Selection within 45 days of this Order. If there is no agreement, lead counsel shall promptly file a Request for Clerk to Appoint Mediator. The Clerk of the Court shall then designate, on a blind rotation basis, a mediator from the List of Certified Mediators. If the parties cannot mutually agree to a place, date, and time for the mediation, they may move the Court for an order dictating the place, date, and time.

d. The appearance of counsel and each party or representatives of each party with full authority to enter into a full and complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority to settle up to the policy limits or the most recent demand, whichever is lower, shall attend.

e. The Court may impose sanctions against parties or counsel who do not comply with the attendance or settlement authority requirements. The mediator shall report non-

    attendance and may recommend imposition of sanctions by the Court for non-attendance.

  f. If the parties elect to proceed to mediation but no complete settlement is reached, they may move for a settlement conference before the undersigned later in the proceedings.

 **9.** **NON-COMPLIANCE WITH THIS ORDER:** Failure to comply with any provision of this Order may subject the offending party or counsel to sanctions or dismissal.  It is the duty of all counsel to enforce the timetable set forth herein.

 **DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 26th day February, 2025.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE