IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | | |
|---|---|---|
| JAMES UTHMEIER,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:24-cv-14365-DMM |
| v. | ) | |
| | ) | |
| DEANNE CRISWELL, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

**PLAINTIFF'S AND DEFENDANT CRISWELL'S JOINT DISCOVERY PLAN[2]**

**(1) An estimated valuation of the case from the perspective of Plaintiff and Defendant.**

Plaintiff's Position

The valuation depends on the number of Floridians who were deprived of their civil rights. Currently, Plaintiff is aware of several Floridians who Defendants discriminated against, but discovery may lead to Plaintiff identifying more. Regardless, Plaintiff estimates that Defendants are liable for nominal damages and punitive damages totaling over $100,000.

Defendant Criswell's Position

As to the claims asserted against her, Defendant Criswell values this case at $0, given the defenses she will raise on or around April 2, 2025, in her motion to dismiss under Federal Rule of Civil Procedure 12(b). Additionally, Defendant Criswell notes that, after Hurricanes Helene and Milton, FEMA sent staff to neighborhoods missed by the Disaster Survivor Assistance ("DSA") team led by Defendant Washington, in order to ensure that residents were advised

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), James Uthmeier, Florida's newly appointed Attorney General, is automatically substituted for Ashley Moody.

[2] Plaintiff contacted Defendant Washington via email on Monday, March 17, 2025, shared his discovery plan with her, and advised her that the Court has directed the parties to file their discovery plans no later than Wednesday, March 19, 2025. As of the time of this filing, Defendant Washington has not responded to Plaintiff's email.

of available FEMA disaster assistance. If residents were eligible for FEMA disaster assistance, they would have received such assistance.

**(2) The date for exchanging initial disclosures pursuant to Rule 26(a)(1).**

Plaintiff and Defendant Criswell previously agreed to exchange initial disclosures by April 15, 2025. *See* DE23 at 4.

However, as Defendant Criswell also indicated, she anticipates that, after she files her motion to dismiss, she will also file a motion to stay further proceedings, including all discovery, pending adjudication of the qualified-immunity defense. DE23 at 3. Thus, Defendant Criswell maintains that, after she files her dismissal motion, a stay order should issue under Supreme Court and Eleventh Circuit precedent, *e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 232 (1990); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

**(3) The subjects on which discovery may be needed.**

Plaintiff's Position

Plaintiff anticipates seeking discovery on: (1) whether FEMA knew about or discussed Defendant Washington's directive that inspectors working in Florida may avoid homes displaying signs and flags expressing support for then-presidential-candidate Donald Trump; (2) who supervised or was supervised by Defendant Washington during Hurricanes Helene and Milton; (3) what communications occurred between Defendant Washington and other personnel about Hurricanes Helene and Milton; (4) FEMA's citizen-related policies and practices when responding to a hurricane; and (5) whether other FEMA officials, employees, agents and contractors engaged in conduct similar to that alleged in this case, in connection with other Florida disaster-recovery operations.

Defendant Criswell's Position

Defendant Criswell anticipates that, should discovery go forward, discovery may be needed on such subjects as (1) any investigation of the subject matter of Plaintiff's complaint; (2) the actions taken by FEMA toward Defendant Washington after learning of her conduct challenged in this lawsuit; (3) FEMA's subsequent provision of disaster assistance to any neighborhoods, homes, or residents initially skipped by Defendant Washington's DSA team; (4) whether any residents skipped by Defendant Washington's DSA team had previously registered with FEMA for disaster relief or assistance; (5) the identity of all individuals who were allegedly denied FEMA disaster assistance by Defendant Washington's DSA team following Hurricanes Helene and Milton; (6) the basis of any such alleged denial of FEMA

2

disaster assistance; (7) a description of any homes (and any signage there) allegedly skipped by Defendant Washington's DSA team following Hurricanes Helene and Milton; and (8) any alleged harm suffered by any Florida residents as a result of Defendant Washington's conduct.

### (4) Whether the Parties can agree to limit discovery on particular issues through stipulation.

Plaintiff's Position

Plaintiff believes the current subjects on which he seeks discovery are sufficiently limited, but Plaintiff would be amenable to stipulations to streamline the proceedings.

Defendant Criswell's Position

Defendant Criswell also believes that discovery may be limited on particular issues through stipulation.

### (5) What document discovery is needed.

Plaintiff's Position

Communications, policies, directives, memorandum, and reports related to FEMA's door-to-door efforts in responding to Hurricanes Helene and Milton.

Defendant Criswell's Position

Defendant Criswell anticipates that document discovery may be needed as to (1) any investigation of the subject matter of Plaintiff's complaint; (2) the actions taken by FEMA toward Defendant Washington after learning of her conduct challenged in this lawsuit; (3) FEMA's subsequent provision of disaster assistance to any neighborhoods, homes, or residents initially skipped by Defendant Washington's DSA team; (4) any Florida residents who allege that their homes were skipped by Defendant Washington's DSA team but, beforehand, had registered with FEMA for disaster relief or assistance; (5) the identities of any Florida residents whose homes were skipped by Defendant Washington's DSA team and those residents' addresses, dates of birth, proof of residency, homeowners and/or flood insurance policies, and FEMA identification numbers (subject to any appropriate protective order or Privacy Act order proposed by the parties and approved by the District Court); (6) photographs and/or videos of such residents' households, both before and after Hurricanes Helene or Milton, including exterior home photographs and/or videos showing signs, flags, or other items supporting the Trump presidential campaign; (7) such residents' records of insurance claims filed as a result of Hurricanes Helene or Milton; (8) such residents' records establishing any damages suffered as a result of Defendant Washington's DSA team skipping their homes after Hurricanes Helene or Milton; and (9) such residents' records showing their

communications related to Defendant Washington's DSA team skipping their homes after Hurricanes Helene or Milton.

### (6) Whether discovery should be conducted in phases.

Plaintiff's Position

Phases are not necessary.

Defendant Criswell's Position

As mentioned above, *see supra* No. 2, Defendant Criswell maintains that discovery should be stayed during the pendency of her dismissal motion that will raise qualified immunity among other defenses.

### (7) Whether the Parties expect to have disclosure, discovery, or preservation of electronically stored information, and if so, explain.

(a) The main information and documents sought;

Plaintiff's Position

Plaintiff seeks all communications in which Defendant Washington, Defendant Criswell, Florida inspectors, and other FEMA employees discussed (1) then-presidential-candidate "Donald Trump," (2) the subject of "yard signs" and "flags," or (3) skipping over particular residences. These communications include email, text messages, electronic chats, word processing documents, spreadsheets, presentation documents, images, audio, video, and audiovisual recordings, databases, computer systems (hardware and software), servers, archives, backup for disaster recovery systems, tapes, discs, drives, cartridges, and other storage media, handheld wireless devices, mobile telephones, and paging devices.

Defendant Criswell's Position

Defendant Criswell anticipates seeking all relevant communications (including email, text messages, written communications, videos, electronic chats, social-media posts) involving Florida residents who allege that their homes were skipped by Defendant Washington's DSA team after Hurricanes Helene and Milton. Insofar as Plaintiff may seek discovery of official information from FEMA (including FEMA employees' official communications), any such discovery request should be directed to FEMA. *See infra* No. 9.

(b) the expected costs of e-discovery; and

Plaintiff's Position

Plaintiff cannot estimate the costs at this time, but exorbitant e-discovery is not anticipated given that the main information sought is communications among FEMA employees and others leading up to and following Hurricanes Helene and Milton.

Defendant Criswell's Position

Defendant Criswell also cannot estimate the cost of e-discovery at this time.

    (c) whether alternatives to e-discovery are possible.

Plaintiff's Position

Alternatives to e-discovery are not possible.

Defendant Criswell's Position

Defendant Criswell is willing to negotiate with Plaintiff as to the format in which it produces certain responsive information or documents, depending on the amount of responsive materials and the particular information or document at issue (*i.e.*, in some instances, PDFs or paper printouts may suffice, but in others, electronically stored information may be necessary). Defendant Criswell also anticipates utilizing depositions and such written discovery as interrogatories, requests for production of documents, and requests for admissions.

**(8) What individuals each side intends to depose.**

Plaintiff's Position

Defendant Washington, Defendant Criswell, and any other individuals that Plaintiff identifies through discovery who have information relevant to the allegations in the complaint. Also any individual identified as a witness in any party's Rule 26 initial disclosures or other discovery response or pretrial disclosure.

Defendant Criswell's Position

Defendant Criswell anticipates deposing (1) Defendant Washington; (2) all Florida residents who allege a civil-rights violation as a result of Defendant Washington's DSA team skipping their homes following Hurricanes Helene or Milton and whose alleged violations underlie Plaintiff's claims in this action; (3) any individual identified as a witness in any party's Rule 26 initial disclosures or other discovery response or pretrial disclosure; (4) any individual who has relevant information concerning the allegations in the complaint; and (5) Kevin Guthrie, the Executive Director for the Florida Division of Emergency Management.

**(9) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

Plaintiff's Position

Plaintiff is aware of no issues about claims of privilege.

Defendant Criswell's Position

Defendant Criswell is also unaware of any claims of privilege at this time, but she reiterates this point from the Joint Scheduling Report: "Non-party FEMA may assert the deliberative process privilege or other privileges or protection over documents in its custody that are potentially relevant to this case." DE23 at 7; *see generally Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *see also Lopez v. Chertoff*, No. CV 07-1566-LEW, 2009 WL 1575209, *3 (E.D. Cal. June 2, 2009) ("Individual federal employees do not have custody or control over government documents.") (citing *Lowe v. District of Columbia*, 250 F.R.D. 36, 39 (D.D.C. 2008)).

**(10)   What changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.**

Plaintiff and Defendant Criswell propose no changes.

**(11)   Whether early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful.**

Plaintiff's Position

Plaintiff is amenable to a settlement conference with a Magistrate Judge.

Defendant Criswell's Position

Defendant Criswell's position is that a settlement conference would not be appropriate before the resolution of her motion to dismiss asserting qualified immunity. *See Howe*, 861 F.3d at 1302.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

C. SALVATORE D'ALESSIO, JR.
Director
Torts Branch, Civil Division

RICHARD MONTAGUE
Senior Trial Counsel
Torts Branch, Civil Division

/s/ Jeremy Scott Brumbelow
JEREMY SCOTT BRUMBELOW
Arkansas Bar No. 96145
Senior Trial Attorney
Torts Branch, Civil Division
Tel. (202) 616-4330; jeremy.brumbelow@usdoj.gov

JULIANA MACPHERSON BARRETT
Trial Attorney
Torts Branch, Civil Division
Tel. (202) 616-4326; Juliana.M.Barrett@usdoj.gov

UNITED STATES DEPARTMENT OF JUSTICE
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Fax. (202) 616-4314

*Counsel for Defendant Criswell*

Respectfully submitted,

JAMES UTHMEIER
*Attorney General*

JEFFREY PAUL DESOUSA
*Acting Solicitor General*

DAVID M. COSTELLO
*Chief Deputy Solicitor General*

KEVIN A. GOLEMBIEWSKI
*Senior Deputy Solicitor General*

ALLEN L. HUANG
*Deputy Solicitor General*

CALEB STEPHENS
*Assistant Solicitor General*

*/s/ Christine Pratt*
CHRISTINE PRATT (FBN 0100351)
*Assistant Solicitor General*

Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
*christine.pratt@myfloridalegal.com*

*Counsel for the Florida Attorney General*

DATED: March 19, 2025

## **CERTIFICATE OF SERVICE**

  I hereby certify that, on March 19, 2025, I served the foregoing Joint Discovery Plan on (1) counsel for all represented parties by electronic means through the Court's Case Management/Electronic Case File system, and (2) Defendant Washington (*pro se*) via email at [expmanager@live.com](mailto:expmanager@live.com).

             /s/ Jeremy Scott Brumbelow

             JEREMY SCOTT BRUMBELOW
             *Counsel for Defendant Criswell*